810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul F. JECHURA, Plaintiff-Appellant,
v.
Michael GILLILAND; David Keeler; Gerald Forthun; Bobby
Finch; M. Ciolli; and R.A. LaRue, Defendants-Appellees.
 No. 85-1771.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Paul F. Jechura appeals from a judgment dismissing his Bivens civil rights action for failure to state a claim for which relief could be granted. However, because matters outside the pleadings were considered by the district court, its disposition of the case will be treated as a summary judgment under Fed.R.Civ.P. 56. See also Fed.R.Civ.P. 12(b).
 
 
 2
 Plaintiff instituted this Bivens action alleging that his constitutional rights were violated during his incarceration in the federal correctional institution at Milan, Michigan. Plaintiff argues that defendants violated his First Amendment rights by denying him access to the courts. He further argues that his Fourth Amendment rights were violated by seizure of his legal papers and search of his cell, and that his Fifth Amendment rights were violated because he was not given a hearing before being placed in administrative segregation. Plaintiff also argues that he was a victim of cruel and unusual punishment violative of the Eighth Amendment during his confinement in administrative segregation. Finally, he argues that defendants violated 28 C.F.R. § 40.9 by retaliating against him for participating in the prison's grievance procedure.
 
 
 3
 Upon consideration of the entire record and briefs filed herein, we conclude that plaintiff's allegations of retaliation are unfounded. Defendants were entitled to investigate their fears that plaintiff was instigating group protests. Furthermore, as to plaintiff's allegations that defendants violated his Fourth and Eighth Amendment rights, there is no evidence in the record to support these allegations. Moreover, the discovery requested by plaintiff has been provided; consequently, his argument that further discovery would support these claims is unfounded.
 
 
 4
 We conclude that summary disposition was appropriate. Prison officials in each instance complained of appeared to possess a well-founded belief that plaintiff was attempting to instigate group activity. The overriding interest in maintaining order, accompanied by plaintiff's failure to come forward with evidence of retaliation, supports the district court's conclusion that summary judgment was proper. Because we find no error in the proceedings before the district court, the judgment of the district court is AFFIRMED.